**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO:

SHINELL GORDON,

    Plaintiff,

v.

IQOR HOLDINGS US, LLC,
a foreign limited liability company; and
INTERACTIVE RESPONSE TECHNOLOGIES,
LLC, a foreign limited liability company

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, SHINELL GORDON ("Plaintiff"), pursuant to *29 U.S.C. § 216(b),* hereby files the following Complaint against Defendants, IQOR HOLDINGS US, LLC ("IQOR"), and INTERACTICE RESPONSE TECHNOLOGIES, LLC ("IRT") (IQOR and IRT collectively referred to as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendants' violations of the FLSA against Plaintiff during the course of her employment and to recover additional damages arising from Defendants' unlawful retaliation against Plaintiff shortly after she lodged complaints about unlawful overtime practices.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the state of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, IQOR, was a limited liability company located and transacting business within St. Petersburg, Florida, within the jurisdiction of this Honorable Court. IQOR operates its principal location at 200 Central Ave, St. Petersburg, FL 33701.

4. During all times material hereto, Defendant, IQOR, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

5. During all times material hereto, Defendant, IRT, was a limited liability company located and transacting business within St. Petersburg, Florida, within the jurisdiction of this Honorable Court. IRT operates its principal location at 200 Central Ave, St. Petersburg, FL 33701.

6. During all times material hereto, Defendant, IRT, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

7. During all times material hereto, Defendants were jointly and collectively vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

## JURISDICTION AND VENUE

8. The acts and/or omissions giving rise to this dispute took place within Pinellas County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, IQOR, regularly transacts business in Pinellas County, Florida, and operates its principal location out of Pinellas County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331 and 1337*.

10. Defendant, IRT, regularly transacts business in Pinellas County, Florida, and operates its principal location out of Pinellas County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant, IQOR, is a managed services provider of customer engagement and technology-enabled solutions which employs at least 35,000 employees in eight (8) countries. *See* iqor.com/about. (last visited December 8, 2020).

13. IQOR's integrated business process and outsourcing platform employs thousands of call center agents and product supports agents.

14. IQOR has been operating in Florida since at least 2018.

15. Defendant, IRT, provides its clients with hybrid call center outsourcing solutions.

16. Defendant, IRT employees between 5,001 and 10,000 employees in the United States and overseas. *See* [https://www.linkedin.com/company/interactive-response-technologies-irt-/about/](https://www.linkedin.com/company/interactive-response-technologies-irt-/about/). (last visited December 8, 2020).

17. IRT has been operating in Florida since at least 2018.

18. Plaintiff worked for Defendants, IQOR and IRT as a remote junior agent and was tasked with selling T-Mobile cell phones to Defendants' customers throughout the United States.

19. Defendants, IRT and IQOR hired Plaintiff on June 11, 2020.

20. Defendants, IRT and IQOR both paid Plaintiff during certain pay periods and oversaw her work for Defendants during her employment period.

21. Plaintiff worked for Defendants from August 17, 2020 until her unlawful termination on or about November 7, 2020.

## FLSA COVERAGE

22. Defendants, IQOR HOLDINGS US, LLC, and INTERACTIVE RESPONSE TECHNOLOGIES, LLC are each enterprises covered by the Fair Labor Standards Act ("FLSA") by virtue of the fact that they are each engaged in commerce or in the production of goods for commerce, in that Defendants each had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

23. Defendants' employees handled goods such as pens, pencils, papers, paper clips, rubber bands, computers, key boards, calculators, hand sanitizer, phones, headsets, computer software, desks, tables, mouse pads, folders, binders, tape, sticky notes, labels, and other materials that have previously travelled through interstate commerce.

24. Defendants each had gross annual revenues in excess of $500,000.00 in 2017, 2018, 2019, and are expected to gross in excess of $500,000.00 in 2020.

25. During her employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently spoke with Defendants' customers who resided outside of the state of Florida and sold cell phones to Defendants' customers outside of the state of Florida, giving rise to individual coverage under the FLSA.

26. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, IQOR and IRT within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE

27. The Corporate Defendants each have the same principal address and the same mailing address within the State of Florida.

28. Defendants both hired Plaintiff and supervised the conditions of her employment on a regular and recurrent basis.

29. Defendants both incorporated in the State of Florida on February 9, 2018.

30. IQOR HOLDINGS US, LLC provides INTERACTIVE RESPONSE TECHNOLOGIES, LLC with human resources oversight, benefits programs, equipment, and other resources.

31. On information and belief, IQOR HOLDINGS US, LLC compensated some INTERACTIVE RESPONSE TECHNOLOGIES, LLC employees within the relevant time period.

32. Defendants perform related activities in that they all both operate call centers and provide customer service support and remote sales for their clients throughout the world.

33. Furthermore, Defendant, INTERACIVE RESPONSE TECHNOLOGIES, LLC uses IQOR letterhead on its official documents, including hiring documents.

34. Upon information and belief, Defendant, IQOR HOLDINGS US, LLC exerts significant influence over the employment, payroll, and operational decisions made by Defendant, INTERACTIVE RESPONSE TECHNOLOGIES, LLC.

35. Defendants operate together for a common business purpose through unified operation and/or common control.

36. In furtherance of their common business purpose, Defendants each contributed valuable resources that were necessary to the service their common clients and customers.

37. Defendants are each other's alter-egos and should be treated as the same corporate entity for the purposes of this lawsuit.

38. Defendants, collectively, grossed in excess of $500,000.00 annually in 2017, 2018, 2019, and are expected to do so in 2020.

### **PLAINTIFF'S WORK FOR DEFENDANTS**

39. Defendants agreed to pay Plaintiff $10.00 per hour when they hired her.

40. Plaintiff answered inbound phone calls from Defendants' customers that were interested in buying T-Mobile cellular phones.

41. Plaintiff typically worked around forty (40) hours per week.

42. However, on or around October 19, 2020, through written correspondence, Plaintiff's supervisor authorized her to work overtime during the subsequent pay period.

43. During the next two (2) weeks, Plaintiff worked approximately ninety-five (95) hours per week.

44. When Defendants failed to pay Plaintiff for all of the overtime she worked, Plaintiff advised the company of its errors and requested proper compensation under the FLSA.

45. Within days of Plaintiff informing Defendants that they owed her overtime, Defendants paid Plaintiff for 90.63 hours of overtime – less than what she actually worked – and summarily terminated Plaintiff.

46. The close proximity of Plaintiff's complaints and her termination gives rise to the presumption that she was terminated because of complaining about Defendants' illegal overtime practices.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS –** *29 U.S.C. § 207*
**(Against both Defendants)**

47. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 46 as though set forth fully herein.

48. Defendants failed to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for certain hours worked in excess of forty (40) per week.

49. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA.

50. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

51. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

52. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SHINELL GORDON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, IQOR HOLDINGS US, LLC, and INTERACTICE RESPONSE TECHNOLOGIES, LLC, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants, jointly and severally; (b) liquidated damages to be paid by the Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT II – FLSA RETALIATION IN VIOLATION OF *29 U.S.C. 215(a)(3)*
**(Against both Defendants)**

53. Plaintiff re-avers and re-alleges Paragraphs 1 through 46 above, as though fully set forth herein.

54. Pursuant to *29 U.S.C. § 215(a)(3)*, it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

55. On November 5, 2020 Plaintiff advised the company in writing that it was not paying her proper overtime under the FLSA.

56. On November 7, 2020, Defendants locked Plaintiff out of its online system.

57. On November 9, 2020, Defendants paid Plaintiff for less than the total number of overtime hours she worked during the previous pay period.

58. Within two (2) days of Plaintiff asserting her right to overtime under the FLSA, Defendants terminated Plaintiff.

59. A direct causal relationship exists between Plaintiff asserting her rights under the FLSA and the abrupt termination in less than two (2) days.

60. Any other justification for termination cited by Defendants is mere pretext in an attempt to cover up the true intention behind its actions.

61. Plaintiff had a good faith belief that Defendants committed overtime violations when she complained to Defendants on November 5, 2020.

62. As a direct result of Defendants' conduct, Plaintiff has suffered loss of back pay, loss of front pay, loss of reputation, and emotional damages, and she has been otherwise damaged in amount to be proven at trial.

WHEREFORE, Plaintiff, SHINELL GORDON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, IQOR HOLDINGS US, LLC, and INTERACTICE RESPONSE TECHNOLOGIES, LLC, and award Plaintiff: (a) back pay to be paid by the Defendants, jointly and severally; (b) front pay to be paid by the Defendants, jointly and severally; (c) liquidated damages to be paid by Defendants, jointly and severally; (d) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; (e) damages for loss of reputation, garden variety emotions distress, and humiliation to be paid by Defendants, jointly and severally; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, SHINELL GORDON, requests and demands a trial by jury on all appropriate claims.

**Dated this 8th day of December 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Shinell Gordon*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 8, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**